IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHEVRON CORPORATION,

          Petitioner,

To Issue Subpoenas For The Taking Of Depositions And The Production Of Documents.

Civil Action No: 1:10mc27 ~~1:10-cv-00170~~

## APPLICATION OF CHEVRON CORPORATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Based upon the accompanying memorandum of points and authorities, the annexed declarations of James M. Sabovich ("Sabovich Decl.") and Claudia M. Barrett ("Barrett Decl."), and the annexed Requests for Judicial Notice, Chevron Corporation ("Chevron") hereby applies to this Court for an Order, pursuant to 28 U.S.C. § 1782 ("Section 1782"), and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, granting Chevron leave to serve Charles Champ ("Champ" or "Respondent") with the subpoena annexed to Barrett Decl. as Exhibit C. Due to significant time exigencies here, explained in detail in the accompanying memorandum of points and authorities, Chevron further requests an Order to Show Cause why the subpoena should not issue and establishing an expeditious briefing schedule to resolve any objections.

The requirements of Section 1782 are met by Chevron's Application. First, Respondent resides or may be found in the Western District of North Carolina. Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals: *Maria Aguinda y Otros v. Chevron Corporation*, pending in the Superior Court of Nueva Loja, Ecuador (the "Lago Agrio Litigation"), and *Chevron Corporation and Texaco Petroleum Company vs. The Republic Of Ecuador*, an arbitration claim under the Bilateral Investment Treaty between the United States and Ecuador pending in the Permanent Court of Arbitration in the Hague (the "Treaty

1

Case 1:10-mc-00027-GCM -DLH   Document 1   Filed 08/16/10   Page 1 of 5

Arbitration"). Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782.

The discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), also weigh in favor of granting the Application. Respondents are not "participants" in either the Lago Agrio Litigation or the Treaty Arbitration within the meaning of Section 1782. Both arbitral tribunals and Ecuadorian courts have been historically receptive to Section 1782 assistance from federal courts. *See In re Applic. of Chevron Corp.* ("*Berlinger 1782 I*"), No. M-19-111, 2010 U.S. Dist. LEXIS 47034, at *41 (S.D.N.Y. May 10, 2010); Request for Judicial Notice of U.S. Filings ("U.S. Filings RJN"), Ex. E (*In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 4:10-mc-134, Order (Dkt. 12) (S.D. Tex. Apr. 5, 2010); *id.*, Ex. D (*Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-JLK, Trans. (D. Colo. Mar. 4, 2010)); *id.*, Ex. B, 9 (*In re Applic. of Chevron Corp.*, No. 1:10-mi-00076-TWT-GGB, Order (Dkt. 5) (N.D. Ga. Mar. 2, 2010); *id.*, Ex. J (*In re Applic. of Chevron Corp.*, No. 10-cv-1146-IEG (WMc), Order, (C.D. Cal. June 23, 2010); Sabovich Decl., ¶ 39; U.S. Filings RJN, Ex. I (*In re Applic. of Chevron Corp.*, No. 2:10-cv-02675-SRC-MAS, Trans. (D.N.J. June 11, 2010); *see also In the Matter of Compañía Chilena de Navegación Interoceanica S.A.*, No. 03-cv-5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Application of Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402 (S.D.N.Y. Oct. 3, 1995); *In re Oxus Gold PLC*, No. MISC 06-82-GEB, 2007 U.S. Dist. LEXIS 24061 (D. N.J. Apr. 2, 2007); *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09-mc-265 (JBA), 2009 U.S. Dist. LEXIS 109492 (D. Conn. Aug. 27, 2009); *Norfolk S. Corp. v. Gen. Sec. Ins. Co.*, 626 F. Supp. 2d 882 (N.D. Ill. 2009).

The Application does not conceal an attempt to circumvent foreign proof-gathering restrictions in either of the foreign proceedings. A petitioner under Section 1782 need not show that the evidence sought would be discoverable or admissible in the foreign jurisdiction. *Intel*, 542 U.S. at 261. Rather, in determining whether a petition is an effort to circumvent foreign proof-gathering restrictions, the consideration for a district court is whether the discovery is

2

being sought in bad faith. *Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-cv-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008). In this case, Chevron's request for discovery is a good faith effort to obtain probative evidence that is not unduly intrusive or burdensome. The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure.

Chevron has filed a number of related Section 1782 petitions seeking discovery regarding the collusion between Cabrera and Plaintiffs, which have been granted by each of the eight federal district courts to have decided them. *See Berlinger I*, *1; U.S. Filings RJN, Ex. B, 8-12 (*In re Applic. of Chevron Corp.*, No. 1:10-mi-00076-TWT-GGB, Order (N.D. Ga. Mar. 2, 2010) (authorizing deposition and document discovery of Charles Calmbacher)); *id.*, Ex. D, 8 (*Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv00047-JLK, Trans. (D. Colo. Mar. 4, 2010) (authorizing subpoenas to issue for depositions and documents from Plaintiffs' environmental consultants Stratus Consulting)); *id.*, Ex. E (*In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 4:10-mc-134, Order (S.D. Tex. Apr. 5, 2010) (granting discovery of Plaintiffs' consultants 3TM Consulting)); *id.*, Ex. I, 47 (*In re Applic. of Chevron Corp.*, No. 2:10-cv-02675-SRC-MAS, Trans. (D.N.J. Jun. 11, 2010) (authorizing subpoenas for depositions and documents from Plaintiffs' consultant UBR)); *id.*, Ex. O, 13 (*In re Applic. of Chevron Corp.*, No. 1:10-mc-00371-CKK, Order (D.D.C. July 22, 2010) (authorizing subpoena for deposition and documents from Plaintiffs' former Ecuadorian attorney, Alberto Wray)); *id.*, Ex. J (*In re Applic. of Chevron Corp.*, No. 10-cv-1146-IEG (WMc), Order (C.D. Cal. Jun. 23, 2010)); Sabovich Decl., ¶ 39 (court authorizing subpoenas to issue for depositions and documents from E-Tech)); U.S. Filings RJN, Ex. Z (*In re Applic. Of Chevron Corp.*, No. M-19-111, No. 10-MC-00001 (LAK) (S.D.N.Y. Aug. 6, 2010)).

Plaintiffs began opposing these Applications after the proceeding in Georgia resulted in testimony from one of their former experts, Dr. Calmbacher, revealing that Plaintiffs had submitted in the Lago Agrio Litigation two reports under Dr. Calmbacher's name, assessing millions in remediation costs, that Dr. Calmbacher did not author: "I did not reach these

3

conclusions and I did not write this report." Sabovich Decl., Ex. Q, 9. Several courts have addressed Plaintiffs' various objections to discovery and all have rejected them. *See, e.g.*, U.S. Filings RJN, Ex. N, O; *Berlinger 1782 I*, 2010 U.S. Dist. LEXIS 47034, at *41; *In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 10-mc-134, 2010 U.S. Dist. LEXIS 50113, at *13 (S.D. Tex. May 20, 2010); *Chevron Corp. v. Berlinger*, Nos. 10-1918-cv, 10-1966-cv (2d Cir. July 15, 2010). Nonetheless, Chevron anticipates that Plaintiffs will oppose this discovery.

On June 21, 2010, Plaintiffs moved the Ecuadorian court to limit Chevron's ability to submit the evidence sought through these Section 1782 actions, a motion that Chevron resisted. *See* Request for Judicial Notice of Court Filings and Orders in the Lago Agrio Litigation and of Provisions of Ecuadorian Law ("Lago Agrio RJN"), Ex. FF. On August 2, 2010, the Ecuadorian court issued an order setting a 45-day deadline for filing submissions related to environmental damages. *Id.*, Ex. GG. As a result of Plaintiffs' effort to truncate the time period for submission of this evidence in Ecuador, Chevron now needs the discovery sought on an extremely expedited basis. Accordingly, Chevron respectfully requests that this Court issue an Order to Show Cause establishing a rapid briefing schedule to resolve Plaintiffs' objections.

Chevron proposes that Plaintiffs be granted five (5) days from the date of the issuance of the Order to Show Cause to oppose the discovery, that Chevron receive three (3) days for its reply, and that, if the Court believes a hearing would be helpful, that it be held at the earliest possible time the Court can accommodate. Upon resolution of any objections, Chevron respectfully requests that this Court enter an Order, pursuant to Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1782, granting it leave to issue the subpoena annexed to the Barrett Decl. as Ex. C and taking notice that said subpoena has been properly served, in accordance with Rule 45, on Respondent when served as an executed attachment to the Barrett Decl.

4

DATED: August 16, 2010

Respectfully submitted,

ADAMS, HENDON, CARSON, CROW & SAENGER, P.A.

/s/ George W. Saenger
George W. Saenger, Esq.
72 Patton Avenue
Asheville, NC 28801
T: (828) 252-7381
F: (828) 252-5018
E: gsaenger@adamsfirm.com
North Carolina State Bar No: 7299

GIBSON, DUNN & CRUTCHER LLP

/s/ Andrea E. Neuman
Andrea E. Neuman, Esq.
Gibson, Dunn & Crutcher, LLP
3161 Michelson Drive
Irvine, CA 92612-4412
T: (949) 451-3937
F: (949) 451-4220
E: ANeuman@gibsondunn.com
North Carolina State Bar No: Pro Hac Vice Pending

/s/ Peter E. Seley
Peter E. Seley, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
T: (202) 887-3689
F: (202) 530-9594
E: PSeley@gibsondunn.com
North Carolina State Bar No: Pro Hac Vice Pending

Attorneys for Applicant
CHEVRON CORPORATION